UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,       Plaintiffs, <br><br>v.<br><br>MARK ANDRE DENNIS,       Defendant. | Case No. 2:25-cv-07307-SB-SP <br><br> ORDER DENYING MOTION FOR RECONSIDERATION |

      Defendant Mark Andre Dennis filed a notice of removal on August 4, 2025, seeking to remove his state misdemeanor prosecution in San Luis Obispo Superior Court (*People v. Mark Andre Dennis*, Case No. 25M-03404) to federal court under 28 U.S.C. § 1443(1), and requesting to proceed in forma pauperis. Pursuant to 28 U.S.C. § 1915(e)(2), the Court screened the notice of removal and remanded the case. Dkt. No. 9. Two days later, Dennis filed (1) a notice of appeal and motion for reconsideration (Dkt. No. 11) and (2) a motion to disqualify opposing counsel and for an order to show cause regarding attorney misconduct (Dkt. No. 12). Because orders remanding cases removed under § 1443 are reviewable "by appeal or otherwise," the Court can reconsider the remand order if the notice of appeal does not separately divest it of jurisdiction. 28 U.S.C. § 1447(d).

      A notice of appeal generally "divests the district court of jurisdiction over the aspects of the case on appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).[1] A timely motion for reconsideration, however, "renders an

---

[1] Defendant did not pay the appeal filing fee, and his notice of appeal—included in the same filing as the reconsideration motion—did not use the notice of appeal form (A-02) or attach the necessary documents for an appeal. Despite these

otherwise final decision of a district court not final" for purposes of appeal. *Nutraceutical Corp. v. Lambert*, 586 U.S. 188, 197 (2019). Rule 4 of the Federal Rules of Appellate Procedure, moreover, delays the effective date of a notice of appeal until the district court rules on a motion to alter or amend the judgment under Rule 59(e) or a motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure. Fed. R. App. P. 4(a)(4)(B). Multiple circuits have held that motions for reconsideration may be filed in criminal cases under the standards for Rules 59(e) or 60(b).[2] *See United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000) (post-judgment motion for reconsideration in a criminal case is governed by Fed. R. Civ. P. 59(e)); *United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003) (motion for reconsideration in criminal case is governed by Rules 59(e) or 60(b)). Accordingly, the Court may resolve the motion for reconsideration on the merits. *See United States v. Zamora*, No. 22-CR-0994, 2024 WL 4363247, at *1 (S.D. Cal. Sept. 30, 2024) (applying *Nutraceutical* and ruling on a motion for reconsideration in a criminal case under the standards for Rules 59(e) and 60(b), despite a concurrently filed notice of appeal).

     Defendant claims that reconsideration of the remand motion is appropriate based on newly discovered evidence—namely, that he recently learned of purported misconduct by attorney Todd Christopher Hunt. Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 60(b)(2); *Smith v. Clark County School Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) ("A district court may properly reconsider its decision if it . . . is presented with newly discovered evidence[.]") (cleaned up). The decision whether to grant a Rule 60(b) or 59(e) motion is discretionary. *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003); *Allstate Ins. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

---

deficiencies, the notice appears timely and valid for purposes of assessing the Court's jurisdiction. *See* Fed. R. App. P. 3(a)(2) ("An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the court of appeals to act as it considers appropriate, including dismissing the appeal.").

[2] Defendant did not specify the basis for his motion, but the Court construes it as arising under either Rule 59(e) or 60(b). *See Backlund v. Barnhart*, 778 F.2d 1386 (9th Cir. 1985) (construing a motion for reconsideration as brought under either Rule 59(e) or Rule 60(b) where the movants did not specify the basis of their motion).

      The motion lacks merit. Hunt represented the opposing party in a civil lawsuit brought by Dennis in San Luis Obispo Superior Court. Dkt. No. 12 at 2–4 of 19. Dennis's notice of removal attached numerous pleadings and documents from that unrelated civil suit, causing Hunt and his clients to appear on the docket in this case due to an administrative error. Consequently, Hunt contacted the Court's deputy to inform her of the error, which was subsequently rectified. Dennis now alleges that Hunt's email constituted an improper ex parte communication. Given that neither Hunt nor his clients are parties to this case, and the communication concerned a clerical error with no bearing on the merits of the case, his email was not an improper ex parte communication. *See Blixseth v. Yellowstone Mountain Club*, LLC, 742 F.3d 1215, 1219 (9th Cir. 2014) ("An ex parte contact with a judicial officer is one where a party who has a right to be present is excluded."). Moreover, Hunt's communication about an administrative error had no impact on the remand order, which was based on Dennis's failure to meet § 1443's removal requirements. *See* Dkt. No. 9 (finding removal improper because Defendant's complaint did not assert any claims properly removable under § 1443). Therefore, Dennis has not presented any newly discovered evidence warranting reconsideration of the remand order, and the motion is denied.

      Dennis's separate motion for disqualification (and related OSC request) against Hunt raises the same alleged improper "ex parte communication" and other issues related to his state civil suit. Because Hunt is not an attorney representing any party in this case, the disqualification motion and OSC request are also denied.

      This case is ordered remanded to San Luis Obispo Superior Court, Case No. 25M-03404, in accordance with this Court's August 19, 2025, order of remand. Dkt. No. 9.

Date: August 29, 2025                                       _____
                                                                                Stanley Blumenfeld, Jr.
                                                                         United States District Judge